**In the Interest of M.R.H., Respondent,**

v.

**Maxine McELROTH, Appellant.**

**No. 43621.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

James M. Smith, St. Louis, for appellant.

Andy Kotschar, St. Louis, for respondent.

REINHARD, Judge.

This is a juvenile proceeding in which the custody of the minor child was transferred from her mother to the Division of Family Services. We reverse.

On appeal, mother challenges both the sufficiency of the petition and of the evidence. We need not reach the sufficiency of the evidence because we find that the neglect petition filed under § 211.031.1, RSMo Supp.1980, was insufficient to vest the juvenile court with jurisdiction. The petition in pertinent part alleges:

> The said child is, within the applicable Provisions of Section 211.031 of the 1980 Revised Statutes of Missouri, particularly within the Provisions of Paragraph 1, Subsections (a) (b) thereof, in this to-wit:

5(a) That M.R.H., in the City of St. Louis, State of Missouri, is without proper care, custody or support, to-wit:

. . . .

3). That the child was examined on September 22, 1980, by the Diagnostic and Treatment Unit and was diagnosed as suffering from developmental deviation; . . . .[1]

Section 211.091, RSMo 1978, provides:
1. The petition shall be entitled "In the interest of _____, a child under seventeen years of age".
2. The petition shall set forth plainly:
   (1) The facts which bring the child within the jurisdiction of the court;
   (2) The full name, birth date, and residence of the child;
   (3) The names and residence of his parents, if living;
   (4) The name and residence of his legal guardian if there be one, of the person having custody of the child or of the nearest known relative if no parent or guardian can be found; and
   (5) Any other pertinent data or information.
3. If any facts required in subsection 2 are not known by the petitioner, the petition shall so state.

Rule 114.01 specifies more clearly than does § 211.091, RSMo Supp.1980, that a petition in a juvenile proceeding "shall set forth plainly and concisely, with *reasonable particularity* . . . the facts which bring the juvenile within the jurisdiction of the juvenile court, including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts." (emphasis added).

*In the Matter of Trapp,* 593 S.W.2d 193 (Mo.banc 1980), the Supreme Court was presented with the question of whether a neglect petition, under § 211.031.1(1), RSMo 1978, was sufficient to vest the juvenile court with jurisdiction to enter custody or-

---

1. The petition as originally filed contained four allegations as to why M.R.H. was without proper care, custody or support. Two of the allegations were dismissed at the request of the juve-

nile officer prior to the hearing on the petition, and the third allegation was dismissed in response to mother's motion at the end of the juvenile officer's case.

ders. The court held that the petition stated facts sufficient to vest the juvenile court with jurisdiction. In reaching its decision, the court addressed the question of whether the petition satisfied the notice requirements of due process. *Citing Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965) and *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the court stated that the "notice required is that 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 198–99.

Applying this test, we find that the petition served on the mother was adequate to notify her of the pendency of the custody proceedings. However, the petition would not inform her of the charges against which she would need to defend. The language, "suffering from developmental deviation," apparently has some meaning to psychologists.[2] Even if such condition is one requiring care, there is no allegation in the petition that this condition arose due to the mother's neglect or that it could have been corrected if the mother had taken appropriate measures. We conclude that the petition was insufficient to vest the juvenile court with jurisdiction.

Judgment reversed.

CRIST, P. J., and SNYDER, J., concur.

---

2. At the hearing on the petition, a staff psychologist with the Juvenile Division of the Diagnostic-Treatment Center of the Twenty-Second Judicial Circuit of Missouri, testified that the term "developmental deviation," is defined in "Psychopathological Disorders in Childhood; Theoretical Considerations and A Proposed Classification" as a "deviation in personality development which may be considered beyond the range of normal variation in that it occurs ... in a degree not expected for a given age level or stage of development."