In the Interest of W.F.J. and
H.M.S., Minors.

Vernon McCLURE, Juvenile
Officer, Respondent,

v.

W.S., Natural Mother, Appellant.

Nos. WD 33707, WD 33708.

Missouri Court of Appeals,
Western District.

March 1, 1983.

David Thomas, Carrollton, for appellant.

Robert A. Bryant, Pros. Atty., Carrollton, for respondent.

Before TURNAGE, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Appellant, the mother of two sons, H.M. and W.F., appeals the orders of the

judge of the juvenile division in companion cases terminating her parental rights.[1] For errors and deficiencies in the proceedings, the judgments are reversed and the cases are remanded.

The history of these cases, substantially alike as to both children, commences February 5, 1980 when the Division of Family Services took custody of the boys. On that date, the Division obtained orders for custody, apparently ex parte, pending the filing of a petition, notice and hearing. The stated basis for the orders was the inadequacy of the living accommodations in the family home. At the time, H.M. was age 15 months and W.F. was age 2 months. On February 8, 1980, the Division filed petitions for "corrective treatment" in which it was alleged the children had been living in an overcrowded home under unsanitary conditions and the mother had failed to comply with suggestions for improvement. On April 9, 1980, after notice to the mother and a hearing, the court entered findings and ordered custody of the children continued in the Division. The form of proceedings suggests the original assumption of jurisdiction over the children was pursuant to § 211.031, subd. 1(1)(a).[2]

The action to terminate parental rights was commenced November 6, 1981. Because of the particular relevance to the points on appeal, the material allegations of the termination petitions are set out as they appear in the documents:

As to H.M.:

"(e) Said child has not been in the custody of its parents for a period of approximately 20 months.

(f) The natural mother (W.J.S.) has maintained only sporatic (sic) contact with the Division of Family Services since her child was taken into legal custody by the Division of Family Services by Court order on the 6th day of March, 1980 because of child abuse/neglect.

(g) Since placement of the child in March, 1980, to present, the natural mother has failed to visit or contribute to the child's support. Therefore, the natural mother has failed to maintain a continuing relationship with (H.M.). Said mother has refused to provide proper support, education, medical, surgical or other necessary care for the well being of said child.

(h) Said child has been under the jurisdiction of the court for a period exceeding one year."

As to W.J.:

"(c) Said child has not been in the custody of his parents for a period of approximately 20 months.

(d) The natural mother (W.J.S.) has maintained only sporatic (sic) contact with the Division of Family Services since her child was taken into legal custody by the Division of Family Services by Court order on the 6th day of March, 1980 because of child abuse/neglect.

(e) Since placement of the child in March, 1980, said mother visited three times after initial placement. On 8 July 1981, said mother saw him for approximately 5 minutes and left saying she was going to Texas where her sister resides. Therefore, said mother has failed to maintain a continuing relationship with (W.F.). Said mother has refused to provide proper support, education, medical, surgical, or other necessary care for the well being of said child.

---

1. The judgments as to both children purport also to terminate parental rights of the fathers, E.M. and L.J. Neither appeared at trial, the record on appeal shows no service of process as to them and counsel acknowledged at oral argument that no efforts at service had been undertaken. The putative fathers were entitled to notice if they affirmatively had asserted paternity. *State ex rel. T.A.B. v. Corrigan,* 600 S.W.2d 87 (Mo.App.1980). The evidence in the case shows that L.J. had acknowledged his son

and is silent of any proof concerning E.M. The finding by the court in its judgment that both fathers had "never claimed parental rights" therefore lacks any evidentiary support. On remand, it will be essential to the validity of any judgment that service be had on the putative fathers or that evidence be adduced sufficient to support a finding that the fathers had not asserted paternity.

2. All citations are to RSMo 1978.

(f) Said child has been under the jurisdiction of the Court for a period exceeding one year."

Fairly summarized, the evidence in the case developed the following facts. In February, 1980, appellant was living with her mother and aged father in a trailer home. Also occupying the home were appellant's four children and an adult cousin. The trailer was 8 feet by 40 feet but was without a bathtub, shower, lavatory or toilet. Housekeeping on the premises was poor. For at least the previous twelve months, the case had been under consideration by the Division and appellant had been warned that unless conditions for the children were improved, invocation of juvenile court jurisdiction would be sought. When no change was effected, the Division moved to assume custody of the children[3] who were then placed in foster home care. At the time, appellant was furnished a form notice which instructed her as to rights of visitation, the need for a lawyer to aid her if she sought to regain custody, her continuing duty to provide support for the children in foster care and the prospect for loss of all rights to the children if she did not visit them and furnish support.

From April, 1980 until the proceeding to terminate parental rights was filed, appellant provided no monetary support for the children. Her contact with them was minimal consisting of no more than six or seven visits during the period. Appellant was living part of the time in Texas and also lived in Kansas City, but spent some of the time at her parents' home. Appellant and the Division were not in contact on the initiative of either and no plan or effort was advanced to reunite appellant and the children.

Responsive to the evidence presented at the hearing to terminate appellant's parental rights, the court entered findings as to each child. Those findings were the same in each case and, in pertinent part, they are repeated here because of their significance to the points discussed. Those findings, extracted from the judgment, were:

"a) said child has not been in the custody of its parents for a period exceeding six months,

b) the natural mother has neglected to maintain a continuing relationship with said child,

c) the natural mother has failed to contribute to the support of said child,

*   *   *   *   *   *

e) said child has been under the jurisdiction of the Court exceeding one year.

f) In addition, the Court finds that the opinion of the expert witness is that the child was already emotionally terminated some time ago and he now recommends legal termination."

In her principal point on appeal, appellant contends the termination orders are infirm because they do not meet the statutory elements requisite for an order terminating parental rights. To address the point, a review of the statutory authority for termination of parental rights must first be undertaken.

The relevant provisions are contained in various sub-paragraphs of § 211.-447.2. Excluding termination by consent and involuntary termination for causes not appropriate to the evidence in this case, the possible statutory grounds for termination are: 1) *§ 211.447.2(2)(a)b.* The parent has abandoned the child. Abandonment is established on evidence the parent has left the child without provision for support and without communication or visitation for a period of six months if the child is over one year old or for a period of sixty days if the child is below that age. 2) *§ 211.447.-2(2)(b).* The parent has neglected the child.

---

**3.** At the time, custody of all four children, including two older girls age 9 years and 6 years, was at issue. Apparently, however, termination of parental rights was sought only as to the younger boys. The record leads to the inference that the deputy juvenile officer found improvement in living conditions at the grandparents' home to warrant returning custody of the girls to appellant but not the boys. Whether this conclusion was reached because the boys were of more tender years or merely because of the added numbers of occupants in limited space cannot be determined from this record.

If the child is in the custody of others, neglect is shown on proof the parent has failed to provide the child with a continuing relationship and has failed to provide for the child's care for a period of six months or longer. Also it must be shown that an appropriate plan approved by the court has not been reasonably complied with by the parents or has been unsuccessful and that the parents were notified of the plan and had at least ten days notice to request a hearing on the plan. 3) *§ 211.447.2(2)(f)*. The parent who is legally required and financially able has failed to support the child for six months. 4) *§ 211.447.2(2)(h)*. The parent has failed to correct conditions which caused the child to come under the jurisdiction of the juvenile court pursuant to § 211.031, and the child has not been with his parents for six months or longer, or the child has been under the jurisdiction of the court for one year or more. The requisite proof is that the parent on a continuing basis has failed to rectify the conditions forming the basis for transfer of custody under § 211.031, that diligent effort has been made to aid the parent to rectify the conditions and there is reasonable cause to believe the parent will not rectify the conditions if given more time.

Appellant's point assumes the termination proceeding sought to invoke the second statutory ground described above. She argues that the statute has not been met because there was no plan approved by the court and intended to aid appellant in meeting conditions necessary for her to regain custody of the children. In response, the Division seeks to excuse the conceded absence of any plan approved by the court by asserting the fault to have been appellant's because there was no relationship between appellant and the children on which to formulate a plan and because appellant gave no cooperation to the Division. Further adding to the confusion, the Division also argues that the case was really one of abandonment to which § 211.447.2(2)(a)b is applicable and no plan is there required.

This divergence between the understandings of the parties as to the nature of the grounds for termination serves to focus attention on the fundamental defect in the action. Neither the petition filed to terminate appellant's parental rights, the proof adduced or the judgment which the court rendered gives any reliable indication as to which of the various statutory grounds were invoked to justify the termination, or upon which statutory ground the court relied to enter judgment.

The power given the juvenile court to terminate parental rights is purely statutory and without such legislation, the power would not exist. *In the Interest of R.L.H.*, 639 S.W.2d 241 (Mo.App.1982). Severance of the parent/child relationship by act of law is an exercise of awesome power and demands strict and literal compliance with the statutory authority from which the power is derived. *D.E.J. v. G.H.B.*, 609 S.W.2d 472, 474 (Mo.App.1980). Proceedings to terminate parental rights are of the upmost gravity. The terms of the statute must be strictly applied and whoever seeks to invoke the statute must carry the full burden of proof. *D.J.A. v. Smith*, 477 S.W.2d 718 (Mo.App.1972).

There is a constitutional due process requirement of adequate notice in child neglect and, presumably, in child abandonment cases. The notice required is that which, under all the circumstances, is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *In the Matter of Trapp*, 593 S.W.2d 193, 198 (Mo. banc 1980), appeal dismissed, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982). Recognizing the various possible grounds for terminating parental rights under § 211.447 as outlined above, we turn to a consideration of the petitions filed here to evaluate whether the allegations gave appellant reasonable notice of the bases on ˙which it was contended termination might be had and whether an opportunity was afforded to present her objections.

Noteworthy in the examination of the petitions is the absence of the words "abandoned" or "neglected" or any compa-

rable language. The petitions do refer to the prior custody order as having been based on "child abuse/neglect", but termination of parental rights was not asserted on the same grounds which prompted the original transfer of custody. The neglect associated with the § 211.031 custody proceeding consisted of the overcrowded living conditions and the lack of plumbing. The termination petition made no claim that those conditions had not been corrected but charged instead that appellant had failed to support and visit the children while in foster care. Thus, no facts were alleged which would support termination under § 211.-447.2(2)(h).

█ Because there was no allegation or proof that appellant was financially able to support the children but, to the contrary, was in distressed circumstances herself, no cause for termination was established under § 211.447.2(2)(f). The possibilities therefore narrow to abandonment or neglect. Appellant contends the charge of neglect could not support the termination order because no appropriate plan was approved by the court, a necessary element because during the relevant time periods, the children were not in her legal or actual custody but were in foster care placement.

█ Section 211.447.2(2)(b) is explicit in its language. Where custody is not in the parent, the agency "must show that an appropriate plan approved by the court has not been reasonably complied with by the parent or has been unsuccessful, and that the parents were notified of the court approved plan and had at least ten days in which to request a hearing on such plan." It is not enough for the Division of Family Services to say that the parent was uncooperative in devising a plan or that the parent failed to maintain regular contact with the Division. The statute invests the Division, or any other person or agency having custody, with an affirmative duty to submit a plan for court approval and to provide notice to the parents and an opportunity for a hearing. Where, as here, these requirements have not been met and the parents have not had custody, neglect is not a

ground upon which parental rights may be terminated.

This elimination of the other possibilities leaves as the sole remaining and viable statutory basis for termination of appellant's parental rights the cause of abandonment. Although drafted with less than consumate skill, the petition does allege the failure of appellant to visit the children or provide for their support. The question then becomes, whether there has been the strict and literal compliance with the statute which the case authority requires and whether the petitions and the judgments are adequately grounded on statutory cause for termination of parental rights.

█ Child abandonment is generally not compatible with a case where custody has been taken from a parent involuntarily by intervention of the Division of Family Services and court order. Abandonment is the willful giving up of a child with the intention that the severance be of a permanent nature. *In Re M.J.M.,* 483 S.W.2d 795, 797 (Mo.App.1972). As defined in Missouri case law, abandonment implies a willful, positive act such as deserting the child. *T.H. v. Ambelang,* 497 S.W.2d 210, 211 (Mo. App.1973). Abandonment requires that there be a settled purpose to forego all parental duties and relinquish all parental claims and a prior abandonment may be repented of and terminated. *In the Matter of K.M.B.,* 544 S.W.2d 590, 592 (Mo.App. 1976).

█ While the evidence in a case may demonstrate the settled purpose of a parent to abandon a child after separation has been involuntarily effected by court order, the separation itself and placement of the child in a foster home constitute no proof of abandonment, particularly, as here, where the separation was and continues to be resisted by appellant. Moreover, the conduct of a parent under enforced separation must be examined with due recognition of all surrounding circumstances because placement of the child in a foster home necessarily operates to accomplish some estrangement. The standard of clear, cogent and

convincing proof remains but the opportunities for parental association and the incentives to provide monetary support are subtly discouraged when the Division has assumed custody.

Following amendment of § 211.447 by the legislature in 1978, perfunctory efforts by a parent to retain parental rights will not serve to avoid termination if abandonment be otherwise an appropriate conclusion from the proof. The extent of visitation between the parent and a child in a foster home and the amount of contribution to support may or may not be "token efforts" depending on the circumstances and location of the foster home, the abilities of the parent and numerous other factors. In sum, the trial court must evaluate the evidence and determine whether it has been proven to the required degree that the parent has willfully given up the child as the term abandonment describes.

In the present case, the judgments contain no findings that appellant abandoned her children nor did the petitions filed by the Division include any such allegation. The conduct of appellant in failing to visit the children and in failing to contribute to their support while in foster care is characterized as a failure to maintain a continuing relationship. This terminology, perhaps of particular significance to persons in the social services field, can scarcely be interpreted as synonymous with abandonment. The statute itself, § 211.447.2(2)(b), uses the language in the context of neglect. Indeed, the very use of the phrase tends to confirm the present case as one of neglect and not of abandonment. As previously noted, no case of neglect was made for want of any appropriate plan approved by the court.

The petition in a termination of parental rights case should contain allegations likely to inform those persons involved of the charges, to the end that objection may be prepared. *M.R.H. v. McElroth,* 622 S.W.2d 15 (Mo.App.1981). An order terminating parental rights must recite the jurisdictional facts and must set out a factual finding of one or more of the conditions for termination appearing in § 211.447. Section 211.482. Compliance with the statute is obligatory. *In the Interest of R.S.P.,* 619 S.W.2d 863 (Mo.App.1981).

Neither the petitions nor the orders in the subject cases passes muster in these fundamental respects. The petitions leave to speculation what cause is contended under § 211.447 to justify termination and the orders merely parrot the language of the petition finding that appellant has neglected to maintain a continuing relationship with the children and has failed to contribute to their support. If, as the Division now contends, the cases were based on abandonment, the orders do not meet the requirement of § 211.482 because they contain no finding of fact that appellant, without good cause, left the children without any provision for support and without any communication or visitation. Whether the evidence would support those findings, had they been made, is not a subject ripe for decision at this time.

The comments herein are not intended to express opinion on the ultimate disposition of the case as to the minors, W.F.J. and H.M.S., who remain within the jurisdiction of the juvenile court under the § 211.031, subd. 1(1)(a) orders. If, however, proceedings to terminate parental rights to the children are pursued, appropriately drafted petitions indicating the statutory grounds for termination should be presented and any order entered by the court must recite the jurisdictional and factual elements which the statute requires.

The orders terminating parental rights are reversed and the cases are remanded for further proceedings consistent with this opinion.

All concur.