In the Interest of D.L.H. and J.L.H., Minors.

Vernon McCLURE, Juvenile Officer, Respondent,

v.

J.A.H., Natural Mother, Appellant.

No. WD 34223.

Missouri Court of Appeals, Western District.

Nov. 1, 1983.

William A. Shull, III, Legal Aid of Western Mo., Warrensburg, for appellant.

Robert A. Bryant, Pros. Atty., Carrollton, for respondent.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

TURNAGE, Chief Judge.

Proceeding to terminate the parental rights of the natural mother. The court entered judgment terminating such rights. The mother now contends that the order of termination does not comply with the requirements of law and is therefore insufficient. Reversed and remanded.

In June of 1973, the mother suffered a fractured skull in an automobile accident. There were no other relatives to care for the two minor boys involved in this proceeding and their custody was vested in the Division of Welfare. By late 1973 or early 1974 the mother had recovered from her injury, but the children continued in the custody of the Division of Welfare, later to be known as the Division of Family Services. The mother established her residence in Kansas City, Kansas, but visited the children at various times. Although the chil-

dren were in the custody of the Division of Family Services they were living in foster homes.

Between June 18, 1973, when custody was first vested in the Division of Welfare and November 6, 1981, when the petition to terminate parental rights was filed, the mother and the Division of Family Services entered into a number of service agreements. Although the record indicates these service agreements were sent to the juvenile judge there is nothing in the record to indicate that the court ever approved any of these agreements. The agreements generally provided that the mother would visit the children by giving one week's notice; provide support for the children when she felt she could do so; recontinue parent education counseling in Kansas City, Kansas; and have a psychological profile completed on herself. The record indicates the mother visited the children several times in each of 1973, 1974, and 1975. Apparently there was 1 visit in 1976, 2 in 1977, 3 in 1978, 10 in 1979, 8 in 1980, 4 in 1981, and 4 in the first quarter of 1982. From 1973 until the date of the hearing on the petition to terminate parental rights, the mother contributed $40 to the support of the children. However, the record indicates the mother was totally dependent on public assistance.

In addition to the two boys who were the subject of this proceeding, the mother had another son who suffered from cystic fibrosis and who was living with the mother and apparently being adequately provided for by her.

The record indicates the children here involved were born out of wedlock. In the case of one child, the petition indicates the alleged father had never recognized the child nor contributed to his support. In the case of the other boy, the petition stated that the alleged father was deceased.

The grounds for termination as to each boy were identical. The material part of the petition stated:

   c) Custody of said child has not been with said mother for a period of approxi-

mately 8 years, immediately prior to the filing of this petition.

   d) The natural mother has neglected to provide said child with a continuing relationship, such as but no (sic) limited to communication or visitation.

   e) The natural mother has maintained only sporadic contact with the Division of Family Services since her child was taken into legal custody by the Division of Family Services by Court order on 18 June 1973.

   f) From 18 July 1973 to 14 Aug 1981, said mother has contributed $5.00 to said child. Said mother has refused to provide proper support, education, medical surgical, or other necessary care for the well being of said child.

   g) The Division of Family Services has used reasonable, diligent, and continuing efforts to aid the parent to rectify these conditions, provide on a continuing basis a proper home for the child.

After a hearing the court entered an order terminating the mother's parental rights. The material grounds for termination in each petition were as follows:

   a) said child has not been in the custody of its parents for a period exceeding six months,

   b) said child has been under the jurisdiction of the Court for more than one year, to-wit: 8 years, 11 months,

   c) legal custody has been placed with the Family Services since June 18, 1973,

   d) the natural mother, J.A.H., has failed to rectify the conditions which formed the basis of the petition filed pursuant to Section 211.031 RSMo, and the order entered under Section 211.181 RSMo,

   e) the natural mother has neglected on a continuing basis to maintain a continuing relationship with said child.

The precise attack on the termination order is that it fails to set forth the factual finding required by § 211.482 RSMo,[1] as to the precise ground contained in § 211.447

1. All sectional references are to Missouri's Revised Statutes, 1978.

which the court found to authorize termination.

At the outset it should be observed that the allegations of the petition and the contents of the order terminating parental rights are almost identical to those found in *In the Interest of W.F.J. v. W.S.*, 648 S.W.2d 210 (Mo.App.1983). In that case this court reversed the order terminating parental rights and the same result necessarily follows in this case. *W.F.J.* set out the rules of law applicable to the contents of a petition to terminate parental rights and a judgment entered pursuant thereto. Those general principles will not be repeated but may be found in *W.F.J.*

■ The first ground stated by the court in its order to justify termination is that the mother has failed to rectify the conditions which form the basis of the petition filed pursuant to § 211.031 and the order transferring custody entered under § 211.181. Section 211.447.2(2)(i)b provides a ground for termination if the custody of the child has not been with its parents for six months or longer immediately prior to the filing of the petition to terminate and the parent has failed on a continuing basis to rectify the conditions which form the basis of the petition filed under § 211.031 and the order entered under § 211.181. However, termination is dependent on the court finding that there is reasonable cause to believe that the parent will not, even if given more time, rectify those conditions on a continuing basis. The court must also find that the juvenile officer, Division of Family Services, or other agency has used reasonable, diligent, and continuing efforts to aid the parent to rectify the conditions and provide on a continuing basis a proper home for the child.

It is apparent the court failed to make a finding on the ability of the mother to rectify the conditions originally existing and her ability to provide a proper home for the two boys. In this case, since the original petition was filed as a result of the hospitalization of the mother, it is all the more important for the order to make a finding as to the ability of the mother to provide a home for the children in the future on a continuing basis. That part of the order fails to make a required finding and is therefore insufficient.

■ The next finding made by the court states that the mother has neglected, on a continuing basis, to maintain a continuing relationship with the children. This refers to § 211.447.2(2)(b) which provides that parental rights may be terminated for failure to provide a child in the legal or actual custody of others with a continuing relationship such as, but not limited to, communication or visitation, and failure to provide for the child's care, to the extent the parent is financially able. The order does not specify which of these grounds is found.

Section 211.447.2(2)(b) further provides that when the child is not in the legal or actual custody of the parent, the person or agency having legal or actual custody of the child must show that an appropriate plan approved by the court has not been reasonably complied with by the parent or has been unsuccessful. The record fails to show that the court ever approved any such plan. As noted, there are a number of service agreements between the mother and the Division of Family Services but none of these was shown to have been approved by the court. The court's order fails to find that any plan was approved. It naturally follows that the order does not make any finding of whether any plan was reasonably complied with absent the finding that any had ever been approved.

The juvenile officer contends that since the service agreements were in the trial court's file it can be reasonably inferred that the court was aware of them and this should suffice to show that there was an approved plan.

This court in *W.F.J.* stated with reference to the termination statute that, "[t]he terms of the statute must be strictly applied and whoever seeks to invoke the statute must carry the full burden of proof." 648 S.W.2d at 214. Filing the service agreements in the court file does not satisfy the requirement of the statute that the court approve

a plan. Thus, the order terminating parental rights fails to make the necessary findings to satisfy the requirements of the statute.

The court order fails to make findings sufficient to demonstrate that any ground authorized by statute to terminate the mother's parental rights was found to exist, nor did the petition properly plead such a ground. Absent compliance with the statute authorizing termination of parental rights the order must be reversed.

The judgment terminating parental rights is reversed and this cause is remanded for further proceedings.

All concur.