In the Interest of C.J.A.A., a Juvenile.

M.L.A., Appellant,

v.

C.J.A.A., a Juvenile, by Guardian Ad Litem; J.A.; B.H.; (Juvenile Officer-Resp.), Respondents.

No. WD 33700.

Missouri Court of Appeals, Western District.

July 17, 1984.

David H. Dunlap, West Plains, for appellant.

James O. Swaney, Jr., Kansas City, for Askeland.

M. Michael Gill, Kansas City, for Alexander.

Rhonda E. Fawcett, Kansas City, for Highfill.

Nancy L. Notley, Legal Aid of Western Mo., Kansas City, for guardian ad litem.

Before SOMERVILLE, P.J., and CLARK and BERREY, JJ.

BERREY, Judge.

This case concerns an amended order issued by the Circuit Court of Jackson County divesting appellant of the custody of his son, C.J.A.A., a juvenile, and investing the juvenile's mother with custody. Appellant contends the circuit court lacked jurisdiction to make any order affecting custody because the petition did not allege facts sufficient to confer jurisdiction per § 211.091, RSMo Supp.1980 and Rule 114.-01. The order is vacated.

On November 12, 1981, the Juvenile Officer of Jackson County, Missouri, filed the first amended petition in the interest of C.J.A.A. The petition alleges that C.J.A.A., born on November 9, 1969, is within Jackson County; in the care and custody of his father appellant; and in need of the care, treatment, and services of the court. The petition is in three counts each of which alleges that C.J.A.A. is without proper care, custody and support.

Count I alleges that during the year 1980 appellant forced C.J.A.A., by threat of bodily harm, to "engage in sexual intercourse with the father's paramour's ten year old daughter, while the father and his paramour watched the sexual behavior." Count II alleges that C.J.A.A.'s father "disciplined him by inappropriate physical methods such as beating, burning and shooting the child with a B–B gun." Count III alleges, "[t]he child, ... [C.J.A.A.] is without proper care, custody and support, in that his father has failed to provide a physically safe and emotionally sound environment for the child."

The petition was the subject of an evidentiary hearing conducted before Edward L. Pendleton, Juvenile Commissioner, on December 4, 1981. Appellant denied the allegations in the petition and at the conclusion of the juvenile officer's evidence moved to dismiss all three counts of the petition. The court granted the motion with respect to Count II, based upon the state's failure to sustain its burden of proof, but overruled the motion to dismiss Counts I and III. Subsequently, appellant presented his evidence, argument was heard on behalf of all parties, and the court dismissed Count I because of insufficient evidence, but again sustained Count III. The court postponed disposition to a later date and in the interim placed C.J.A.A. in the temporary custody of his stepmother, J.A.

On January 19, 1982, Commissioner Pendleton commenced a dispositional hearing. The hearing was continued until February 11, 1982, at which time the initial order of disposition was entered placing C.J.A.A. in the custody of his natural mother B.H., under the supervision of the Division of Family Services (D.F.S.). Appellant was allowed visitation under D.F.S. supervision.

Thereafter, on March 3, 1982, Commissioner Pendleton issued an amended order correctly reflecting the orders actually made on December 4, 1981, and February 11, 1982. The amended order of disposition is the final judgment from which appellant appeals.

On March 11, 1982, appellant moved for a rehearing of the petition. Judge Gant of the Circuit Court denied the motion that same day. On March 12, 1982, Judge Gant made an order adopting and confirming all matters referred to Commissioner Pendleton. Appellant filed his notice of appeal on April 9, 1982.

Appellant's challenge to the juvenile court's jurisdiction is based upon § 211.091, RSMo Supp.1980, and Rule 114.01, which require that the petition set forth facts bringing the juvenile within the court's jurisdiction. Section 211.091, provides in part:

1. The petition shall be entitled, "In the Interest of _____, a child under seventeen years of age."

2. The petition shall set forth plainly: (1) The facts which bring the child within the jurisdiction of the court; ...

Rule 114.01(b)(3), provides in pertinent part that the petition:

shall set forth plainly and concisely, with reasonable particularity: ... (3) the facts which bring the juvenile within the jurisdiction of the juvenile court, including the date, place, manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts; ....

The official comment to this rule states that the rule generally follows § 211.091, RSMo, in specifying the form and content of the petition, but several "relatively minor modifications are introduced in the interest of clarity: the age and sex of the juvenile must appear in the caption, and the facts which bring the juvenile within the jurisdiction of the court are more clearly specified than in § 211.091."

In the instant case Count III of the petition is the only count over which the juvenile court purported to exercise jurisdiction. *See M.R.H. v. McElroth*, 622 S.W.2d 15, 16 n. 1 (Mo.App.1981) (where three of four counts in original petition had been dismissed the issue of court's jurisdiction was determined by analysis of remaining count). That count merely alleged appellant "failed to provide a physically safe and emotionally sound environment for the child." No mention was made of any acts by appellant "including the date, place, and manner of the acts...," Rule 114.01(b)(3), which created the deleterious environment for C.J.A.A. Count III of the petition did not satisfy the requirements of Rule 114.-01(b)(3). Consequently, the petition was insufficient to vest the juvenile court with jurisdiction. *M.R.H. v. McElroth, supra* at 17.

The custody order is vacated.

All concur.