**In the Interest of D.B.**

**D.L.B., Appellant,**

v.

**L.W., Respondent.**

**Nos. 15243, 15244.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 1988.

**112**

Thomas E. Klinginsmith, Carthage, for appellant.

Trina J. Scott, Joplin, for respondent.

PREWITT, Presiding Judge.

Two petitions were filed by the juvenile officer, one subsequently amended, which alleged that the female child, D.B., then 8 years of age, was in need of care and treatment. After hearing, the trial court found on each petition that it was in the best interest of the child that she be placed in care and custody of the Division of Family Services. D.B.'s father appeals from each finding. One hearing was held on the petitions and the appeals have been consolidated here.

■ Appellant has two points relied on, each directed to both petitions or the court's findings on both. His first point states:

The trial court erred by failing to dismiss the two petitions (as amended) because the petitions were insufficient to vest the juvenile court with jurisdiction in that the petitions failed to state the exact date, time, place or manner in which the father's acts constituted neglect.

A petition was filed on May 4, 1987, stating that the child was in need of care and treatment. That petition was amended

on May 11, 1987. The child was in the custody of her father. Her mother's address was unknown. After giving the child's name and birth date and the residence of the child and her father, the petition stated:

4. The juvenile, [D.B.], is within Jasper County, Missouri, and is in need of care and treatment because: The Juvenile Officer of the County of Jasper, State of Missouri, charges that said juvenile comes within the provisions of Section 211.031, Subsection 1, Subdivision 1, Subparagraph (b) RSMo, in that said juvenile is otherwise without proper care, custody, or support; to-wit: said juvenile alleges she was physically abused by her paternal grandparents on or about May 1985 and sexually abused by a babysitter on or about June 26, 1986, psychologist Betty Schlessing alleges said child is in need of inpatient psychiatric hospitalization due to behaviors of self-mutilation and assaultiveness towards peers at school, ie stabbing with pencils and choking, which indicates a high probability of a history of physical and sexual abuse. Natural father is resistive to placement of child.

Also on May 11, 1987, another petition was filed which was the same as the amended petition except for one paragraph. That paragraph alleged:

4. The juvenile, [D.B.], is within Jasper County, Missouri, and is in need of care and treatment because: The Juvenile Officer of the County of Jasper, State of Missouri, charges that said juvenile comes within the provisions of Section 211.031, Subsection 1, Subdivision 2, Subparagraph (d) RSMo, in that the behaviors and associations are otherwise injurious to her welfare; to-wit: said juvenile is self-mutilating and assaultive toward peers at school, ie scratching face until it bleeds; stabbing with pencils, and choking; said juvenile also talks of suicide; said juvenile has been exposed to violence including but not limited to physical abuse by the paternal grandparents and sexual abuse by a babysitter; altercations between natural father and others in the home. Further, natural

father pleaded guilty to assault in the second degree in Jasper County Circuit Court (CR187-587-11FX); is awaiting sentencing on May 26, 1987; psychologist Betty Schlessing is recommending in patient treatment for said juvenile.

Following hearing on May 27, 1987, the trial court determined that it was in the best interest of the child that she be placed in care and custody of the Division of Family Services and the Division was authorized to place her at a specified hospital for psychological and medical evaluation. Separate findings to this effect were made on each petition.

Rule 114.01.b(3) requires that these petitions allege facts bringing the juvenile within the jurisdiction of the court "including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts".

The amended petition proceeded under § 211.031.1(1)(b), RSMo 1986. It provides for jurisdiction in the juvenile court where the "child is otherwise without proper care, custody or support". The petition alleged the date and manner of certain acts. It also stated that D.B. was in need of psychiatric hospitalization, which can only be interpreted to mean at the time of the filing of the petition. It is true that the petition does not clearly allege where she was physically abused by her grandparents or abused by a babysitter, but these incidents aside, the petition is otherwise sufficient.

The second petition proceeded under the provisions of § 211.031.1(2)(d), RSMO 1986. It provides for jurisdiction in the juvenile court where "[t]he behavior associations of the child are otherwise injurious to his welfare or to the welfare of others". Although dates are not alleged, the petition indicates a then present and continuing course of conduct which had occurred for some time. It was not necessary that the petition allege that these acts were necessarily caused by the father. The question is whether the environment of the child was injurious to her welfare. See *In re D.L.W.*, 530 S.W.2d 388, 391 (Mo.App.1975).

*In Interest of D.J.B.*, 718 S.W.2d 132 (Mo.App.1986), and *In Interest of C.J.A.A.*, 674 S.W.2d 266 (Mo.App.1984), cited by appellant do not call for a different result. In those cases there were no facts alleged in either petition, or the count on which the juvenile court took jurisdiction of the minor. See *D.J.B.*, 718 S.W.2d at 134; *C.J. A.A.*, 674 S.W.2d at 268. Point one is denied.

■ Appellant contends through his second point that the trial court erred in assuming jurisdiction of D.B. because the evidence was insufficient as it "did not, by clear, cogent, or convincing evidence establish that [appellant] had neglected to provide for his child's well-being." Appellant is correct that the facts "shall be proved by clear and convincing evidence." Rule 117.-05(b). The evidence here was sufficient to meet that standard.

All the evidence presented was by respondent. Appellant offered no evidence. There was testimony that on June 27 or June 28, 1986, "a friend" of her father sexually molested her, including "that he had inserted his penis into her part way" while he was caring for her overnight. There was testimony that her paternal grandparents punished her with excessive force.

The principal of a school which she attended stated that D.B. would push other children while in line, take things from other children, stab children with pencils, and intentionally step on children's toes. D.B. abused herself by scratching her face and biting her fingers and told the principal that she hated herself and wanted to die. Her teacher testified to similar behavior. The child's former stepmother stated that she had "seen her bang her head on walls, bite herself, pull her hair, hit her head on the bunk beds; just things like that." Another former stepmother testified similarly. D.B. told her that she wanted to die.

A psychologist testified that D.B. needed inpatient psychiatric hospitalization and evaluation. There was testimony that when psychiatric inpatient treatment was discussed with appellant that he "was dead set against it." After several telephone conversations an employee of the Jasper

County Division of Family Services said she could not get him to agree to it. There was also evidence that appellant was against any counseling for her and that he had failed to keep counseling appointments made for her with a psychologist.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.