In re H.K., Juvenile.

**JUVENILE OFFICER, Respondent,**

v.

**J.K., Appellant.**

**No. WD 40344.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1988.

Mark Moedritzer, Kansas City, for appellant.

Anne E. Rauch, Kansas City, for respondent.

Before FENNER, P.J., and GAITAN and MANFORD, JJ.

FENNER, Presiding Judge.

J.K. appeals the termination of her parental right to her natural daughter, H.K., who was born November 28, 1982. On August 19, 1985, when H.K. was less than three years old, the Jackson County Juvenile Court took jurisdiction over her pursuant to a petition alleging abuse or neglect or both. That petition alleged neglect by stating that on two separate occasions J.K. had left the child unsupervised. The petition also alleged sexual abuse by the legal father, A.K., by stating that the father

"repeatedly kissed the child on the mouth and fondled the child's genitals with his hands and mouth causing the child to scream." On September 17, 1985, the juvenile court sustained the petition and H.K. was placed exclusively in appellant's custody with Division of Family Services' (hereinafter DFS) supervision. The court further ordered that the appellant and H.K. attend sexual abuse counseling through the Metropolitan Organization to Counter Sexual Abuse (hereinafter MOCSA) and further prohibited any contact between H.K. and the legal father, A.K.

H.K. remained with appellant less than three months when a motion to modify was filed alleging that appellant had again neglected H.K. by leaving her with a Mr. Johnson and not returning for the child. On December 2, 1985, H.K. was detained in foster care where she has remained continuously since that time. On January 13, 1986, the motion to modify was sustained and H.K. was committed to the custody of DFS for foster care placement. Additionally, the court ordered an evaluation of appellant and counseling services with a David Pyle. DFS was to provide bus tokens for appellant to make her initial appointment with David Pyle. The court also noted that DFS had made reasonable efforts to prevent foster care placement.

Thereafter, the juvenile court scheduled periodic reviews pursuant to Section 210.-730 RSMo 1986, to allow an opportunity for evidence to be heard which would warrant a change in the child's custody and care. There were two such reviews, on July 16, 1986 and January 28, 1987. At the conclusion of each of those reviews the court ordered that H.K. remain in foster care. Each order kept in effect the provision for counseling services and found the efforts of DFS to be reasonable.

On February 4, 1987, two years after H.K. was initially placed in foster care, a Petition for Termination of Parental Rights was filed pursuant to Section 211.447.2(3), RSMo 1986.[1] The petition alleged that H.K. had been under the jurisdiction of the juvenile court for more than one year and that conditions of a potentially harmful nature continued to exist and there was little likelihood that those conditions would be remedied at an early date so that the child could be returned to the parents in the near future; further, the continuation of the parent-child relationship greatly diminished the child's prospects for early integration into a permanent and stable home. The petition also alleged additional factors pursuant to Section 211.447.3 which included the lack of progress made by the parents despite efforts by DFS, the lack of H.K.'s emotional ties to the parents and the lack of commitment to H.K. shown by the parents.

Evidence was heard by the court on July 8, 1987, and on August 31, 1987. At the conclusion of the evidence the cause was taken under advisement. An Order Terminating Parental Rights was entered on January 26, 1988 sustaining the petition pursuant to Section 211.447.2(3). The court also made findings pursuant to Section 211.447.-3. A.K., the legal father of H.K., does not appeal the decision of the trial court.

■ Parental rights may be terminated involuntarily when it appears that the termination would be in the best interest of the child and it appears by clear, cogent and convincing evidence that any one or more of the statutory conditions contained in Section 211.447 is met. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In Interest of W.A.H., Jr.*, 725 S.W.2d 150 (Mo.App.1987); Section 211.447.

In her appeal J.K. first argues that the juvenile court erred because the plans sought to be used as the basis for termination of her parental rights were not court approved. J.K. cites the following cases in support of her argument; *In Interest of D.L.H.*, 660 S.W.2d 471, 473 (Mo. App.1983); *In Interest of W.F.J.*, 648 S.W. 2d 210, 215 (Mo.App.1983); *In Interest of D.L.D.*, 701 S.W.2d 152, 161 (Mo.App.1985).

indicated.

---

1. References to Section 211.447 et seq. will be to the statute as amended in 1985 unless otherwise

The statutes that these cases relied on have since been repealed. The present version of the termination statute was adopted by the legislature in 1985 and is currently cited as Section 211.447, RSMo 1986. The predecessor statutes upon which the cases cited by appellant rely date back to 1978.

One of the grounds enumerated in the 1978 version of Section 211.447 provided:

2. The juvenile court may, upon a petition filed by the juvenile officer, terminate the rights of parent to child if it finds that such termination is in the best interest of the child and one or more of the following conditions are found to exist:

(2)(b) The parent has neglected, without good cause, the child for a period of six months prior to the filing of the petition. The term "neglected" as used here is the failure of a parent to provide, on a continuing basis, the care, guidance and control necessary for the physical, mental and educational well-being of a child; or the failure to provide a child who is in the legal or actual custody of others with a continuing relationship, such as, but not limited to, communication or visitation, and, to the extent the parent is financially able, the failure to provide for the child's care. In those circumstances where the child is not in the legal or actual custody of the parent, the person or agency having legal or actual custody of the child must show that *AN APPROPRIATE PLAN APPROVED BY THE COURT* has not been reasonably complied with by the parent or has been unsuccessful, and that the parents were notified of the court approved plan and had at least ten days in which to request a hearing on such plan. Token efforts by the parent shall not be sufficient to defeat a finding of neglect. (Emphasis added).

As the cases cited by appellant hold, prior to the 1985 revision an attempt to terminate parental rights, pursuant to Section 211.447.2(2)(b), RSMo 1978, required proof of a court approved plan and a failure to comply therewith.

Section 211.447.2, RSMo 1986, provides three grounds for termination of parental rights which, in relevant part, are as follows:

2. The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer, if it finds that termination is in the best interests of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exists:

(1) The child has been abandoned ...

(2) The child has been adjudicated to have been abused and neglected....

(3) The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following:

(a) The terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms;

(b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child;

(c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(d) Chemical dependency which prevents the parent from consistently pro-

viding the necessary care, custody and control over the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control.

Section 211.447 no longer requires court approval of a social service plan as a factor under any ground for termination. Social service plans are still a factor that the court is to consider under Section 211.447.-2(3) but these plans are no longer required to be court approved. Consequently, appellant's argument that the juvenile court erred because the plans used as a basis for termination were not court approved is denied.

■ As part of her second point on appeal J.K. specifically argues that Section 211.447.2(3) requires the court to consider and make findings on four factors, subparagraphs (a) through (d), and that proof of only one such factor is not sufficient for termination of parental rights. Subparagraphs (a) through (d) of Section 211.447.-2(3) are merely factors to be considered under the ground for termination provided in that subdivision, i.e., Section 211.447.2(3). These factors are not separate grounds for termination in and of themselves but rather categories of evidence to be considered together with all other relevant evidence.

■ In the case at bar the juvenile court considered and made findings which were supported by the evidence in regard to subparagraphs (a) and (b) of Section 211.-447.2(3) together with other findings. In regard to subparagraph (a) of Section 211.-447.2(3) appellant argues again that since the social service plans that she entered into with DFS were not court approved they could not be considered by the court in terminating her parental rights. As addressed under appellant's first point on appeal, social service plans are no longer required to be approved by the court. Therefore, it was not error for the court to consider the social service plans and the extent to which the parties made progress in complying with the terms of the plans.

Appellant's argument that the juvenile court erred in considering and applying the factors as set forth under Section 211.447.-2(3)(a) through (d) is denied.

■ Appellant further argues that there was a lack of clear, cogent and convincing competent evidence on the record to support the termination of her parental rights.

A juvenile court's termination of parental rights shall be sustained unless "there is no substantial evidence to support it, unless it is contrary to the weight of the evidence, or unless it erroneously declares or applies the law." *In Interest of W.A.H., Jr., supra* at 154. Further, on review of a court tried case to determine whether the court's judgment is grounded upon sufficient evidence, the court of appeals has been urged to act "with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), Rule 73.01. The appellate court is bound to examine all the facts in the light most favorable to the trial court's order. *In Interest of M.E.W.*, 729 S.W.2d 194, 196 (Mo. banc 1987).

The court correctly found the allegations of the petition to be true and that the necessary grounds for termination as set forth under Section 211.447.2(3) existed. Further recitation of the facts supporting the order terminating J.K.'s parental rights would serve no precedential value. It suffices to say that there was ample evidence before the juvenile court to show that H.K. had been under the jurisdiction of the court for a period of one year and that conditions of a potentially harmful nature continued to exist and there was little likelihood that those conditions would be remedied at an early date so that H.K. could be returned to her mother in the near future, and further that the continuation of the parent-child relationship greatly diminished the child's prospects for early integration into a stable and permanent home.

The order of the trial court terminating J.K.'s parental rights to her daughter H.K. is affirmed.

All concur.