In the Interest of C— T—, a child under seventeen years of age.

**Jeani LONGSTRETH, Deputy Juvenile Officer of Cedar County, Respondent,**

v.

**S— O—, Appellant.**

**No. 20896.**

Missouri Court of Appeals, Southern District, Division Two.

April 17, 1997.

Thomas Pyle, Stockton, for appellant.

No appearance for juvenile officer or guardian ad litem.

Before CROW, P.J., SHRUM, J., and MONTGOMERY, C.J.

PER CURIAM.

The Juvenile Division of the Circuit Court of Cedar County ("the juvenile court," § 211.021(3), RSMo 1994) decreed it had jurisdiction over C— T— ("Child") under § 211.031, RSMo 1994,[1] and committed him to the custody of the Division of Family Services ("DFS").[2]    Section    211.181.1(2),

---

1. Section 211.031.1, RSMo 1994, reads, in pertinent part:

"  ... the juvenile court ... shall have exclusive original jurisdiction in proceedings:
(1) Involving any child ... who is alleged to be in need of care and treatment because:

(a) The parents ... neglect or refuse to provide proper support, ... medical, surgical or other care necessary for his well-being ...;
(b) The child ... is otherwise without proper er care, custody or support. . . . "

2. At the time of the order, Child was twelve years old.

RSMo Supp.1995. The jurisdictional basis of the adjudication was a finding that Child was neglected in that he was not receiving "adequate medical, emotional, and physical care" from his mother, S__ O__ ("Mother").

Mother appeals.[3] The first of her two points relied on maintains there was no clear and convincing evidence[4] that she failed to provide Child adequate medical, emotional and physical care. While that contention may have merit, we need not address it because Mother's second point is dispositive of this appeal.

The second point avers the juvenile court erred in taking jurisdiction over Child in that the petition filed by the deputy juvenile officer failed to meet the requirements of Rule 114.01.b(3)[5] and was consequently insufficient to vest the court with subject matter jurisdiction.

The petition set forth Child's name, birth date and residence, and identified Mother as Child's parent and custodian. It then pled that Child was in need of care and treatment because:

"[Child] is believed to be a neglected child within the meaning of 211.031 RSMo. in that it is believed that he he [sic] not receiving adequate medical, physical, and emotional care from his parent, [S__ O__], while residing in her home...."

In addition to Rule 114.01.b(3),[6] Mother relies on § 211.091.2, RSMo Supp.1995, in support of her second point.[7]

The most recent of the two cases cited by Mother is *In the Interest of C.J.A.A.*, 674 S.W.2d 266 (Mo.App. W.D.1984). There, the petition alleged the child "is without proper care, custody and support, in that his father has failed to provide a physically safe and emotionally sound environment for the child." *Id.* at 267. Applying § 211.091.2(1), RSMo Supp.1980, and Rule 114.01.b(3),[8] the appellate court held the petition insufficient to vest the juvenile court with jurisdiction. The opinion explained that was because the petition merely alleged the father failed to provide a physically safe and emotionally sound environment for the child, without specifying any acts by the father, including the date, place, and manner of the acts. *Id.* at 268. As authority for its holding, the court cited *In the Interest of M.R.H.*, 622 S.W.2d 15 (Mo.App. E.D.1981), the other case cited by Mother in support of her second point.

In *M.R.H.*, the petition alleged the child was without proper care, custody or support in that the child was diagnosed as suffering from developmental deviation. *Id.* at 16. In holding the petition insufficient to vest the juvenile court with jurisdiction, the appellate court pointed out that even if the child's condition was one requiring care, there was no allegation that the condition arose due to the mother's neglect or that it could have been corrected if the mother had taken appropriate measures. *Id.* at 17.

In a more recent case than the two cited by Mother, *In the Interest of D.J.B.*, 718

---

3. She has the right to do so. *Cf. In the Interest of K.L.B.*, 898 S.W.2d 696, 699–700[1] (Mo.App. S.D.1995); *In the Interest of M.D.S. and C.D.S.*, 837 S.W.2d 338, 339[1] (Mo.App. W.D.1992); Rule 120.01.b, Missouri Rules of Practice and Procedure in Juvenile Court (1996). In this opinion, references to rules are to those rules.

4. The standard of proof in a proceeding such as this is clear and convincing evidence. *In the Interest of D.D.H.*, 875 S.W.2d 184, 186[1] (Mo.App. S.D.1994); *In the Interest of L.J.M.S.*, 844 S.W.2d 86, 92[6] (Mo.App. E.D.1992); Rule 117.05.b.

5. Rule 114.01.b reads, in pertinent part:
   "The petition ... shall set forth plainly and concisely, with reasonable particularity:
   (1) ...

(2) ...
(3) the facts which bring the juvenile within the jurisdiction of the juvenile court, including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts...."

6. Footnote 5, *supra*.

7. Section 211.091.2, RSMo Supp.1995, reads, in pertinent part:
   "The petition shall set forth plainly:
   (1) The facts which bring the child ... within the jurisdiction of the court...."

8. In all respects material to the instant case, § 211.091.2(1) (footnote 7, *supra*) and Rule 114.01.b(3) (footnote 5, *supra*) have remained unchanged since *C.J.A.A.*

S.W.2d 132 (Mo.App. S.D.1986), the petition alleged that the behavior, environment or associations of the child are injurious to his welfare or to the welfare of others in that "on the 2nd day of July, 1978, at and in the City of Poplar Bluff, ... said child did become neglected...." *Id.* at 133. Emphasizing that the petition contained no allegation that the mother (the child's custodian) or any other named person had neglected the child, and that the petition specified no acts that had been committed by the mother or anyone else constituting neglect of the child by the mother, this court held the petition insufficient as matter of law to vest the juvenile court with jurisdiction over the child. *Id.* at 134[1].

Measured against *C.J.A.A., M.R.H.* and *D.J.B.*, the petition in the instant case was insufficient to vest the juvenile court with jurisdiction over Child.[9] Like the petitions in those cases, the petition here set forth no specific instance where Mother failed to provide Child adequate medical, physical or emotional care. The difference between the petition here and a petition that did plead specific facts which were sufficient to vest a juvenile court with jurisdiction is demonstrated in a case decided by this court two years ago, *In the Interest of M ___ R ___ F ___*, 907 S.W.2d 787, 790, 794–96 (Mo.App. S.D.1995). *See also: In the Interest of D.L.D.*, 701 S.W.2d 152, 157–58[6] (Mo.App. W.D.1985).

Because the petition here was insufficient to vest the juvenile court with jurisdiction over Child, the judgment must be reversed. *C.J.A.A.*, 674 S.W.2d at 268. In so holding, we do not ignore the physical and mental handicaps with which Child is afflicted, and we do not imply it is in Child's best interest to be in Mother's custody instead of the custody of DFS. All we decide is that the petition was fatally deficient, hence the judgment cannot stand.

Judgment reversed.

---

9. We are mindful that *evidence* was presented about specific instances of alleged neglect of Child by Mother. There was no objection by Mother that such evidence was beyond the scope of the petition. Consequently, it might be argued that the petition was automatically amended to conform to the evidence under the principle enunciated and applied in cases such as *Murray v. Ray*, 862 S.W.2d 931, 934[5] (Mo.App. S.D. 1993). However, neither the juvenile officer nor Child's guardian ad litem (who recommended that the juvenile court take jurisdiction of Child) has filed a brief, hence neither that argument nor any other theory arguably supporting the juvenile court's adjudication has been presented to us. We decline to construct such an argument *sua sponte.*