

# Missouri Court of Appeals

## Southern District

### Division Two

IN RE THE MATTER OF:                )
A.J.S., a child under seventeen years of age, )
by J.L.S.,                          )
                                    )
       Petitioner-Respondent,       )
                                    )
    vs.                             )      No. SD34224
                                    )
C.R.,                               )      **Filed:  July 1, 2016**
                                    )
       Respondent-Appellant.        )

APPEAL FROM THE CIRCUIT COURT OF REYNOLDS COUNTY

Honorable Kelly W. Parker, Circuit Judge

**<u>REVERSED</u>**

J.L.S. ("Father"), the biological father of A.J.S. ("Child"), brought this "private action" under section 211.447,[1] to terminate the parental rights of C.R. ("Mother"), the biological mother of Child.  Mother raised the affirmative defense that the petition failed to state a claim because there was non-compliance with section 211.447, and also complained that the termination of parental rights is a creature of statute, requiring strict and literal compliance with the statutory authority.  Mother brings these same complaints

---

[1] All references to statutes are to RSMo Cum. Supp. 2014, unless otherwise specified.

in her points in this appeal. We will discuss all three points together as they are interrelated.

The power of a Missouri court to sever "all legal rights, privileges, duties and obligations of the parent and child with respect to each other" "derives solely from statutory enactments entitled 'Termination of Parental Rights' ([]Sections 211.440-211.540)" and "[t]hat body of laws is a complete code within itself, and proceedings thereunder must be in strict accordance with its terms." *In re S--M--W--*, 485 S.W.2d 158, 164 (Mo.App. K.C.D. 1972). Mother did not consent, and the juvenile officer did not file the petition.[2]

Section 211.447.6 provides:

> 6. The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer or the division, or in adoption cases, by a prospective parent, if the court finds that the termination is in the best interest of the child and when it appears by clear, cogent and convincing evidence that grounds exist for termination pursuant to subsection 2, 4 or 5 of this section.

This petition was brought by Father. It was not filed by the juvenile officer or the division or pursuant to an adoption, as provided by section 211.447.6. "The power given the juvenile court to terminate parental rights is purely statutory and without such legislation, the power would not exist." *In Interest of W.F.J.*, 648 S.W.2d 210 (Mo.App W.D. 1983). If one of the reasons listed in the statute for termination of parental rights was not proved to exist, the trial court could not act to terminate.[3] *C.S. v. Smith*, 483 S.W.2d 790, 794 (Mo.App. St.L.D. 1972). "[P]arental rights are a fundamental liberty interest, and termination statutes are strictly construed in favor of the parent and

---

[2] Mother is in prison and has no visitation rights with Child. No petition for adoption was filed.

[3] In *C.S. v. Smith*, the applicable statute was section 211.441, which has since been repealed.

2

preservation of the natural parent-child relationship." ***In re P.J.***, 403 S.W.3d 672, (Mo.App. S.D. 2012) (internal quotations and citations omitted). It goes without saying that statutes that provide for the termination of parental rights are strictly construed in favor of the parent and preservation of the natural parent-child relationship. ***In re S.M.F.***, 393 S.W.3d 635, 644 (Mo.App. W.D. 2013). Procedural mandates of child protection statutes applicable to proceedings generally brought by state actors apply when the parties include in the petition the statute applicable to proceedings brought by state actors. *See **In re S.R.F.***, 362 S.W.3d 420 (Mo.App. S.D. 2012).

Father argues that the plain language of section 211.447.1 establishes that a referral to a juvenile officer is optional and not mandatory and that Mother waived any objections because she consented to add the juvenile officer as a party. Father contends that only the juvenile officer and Children's Division are bound by the rules of process-- that individuals are not bound by the same rules. As noted, the power of the State to terminate the parental rights of a parent are strictly construed and derive solely from the statute. There is no common law right of a parent to just terminate the parental rights of the other parent. The statutes must be strictly construed for that reason.

Mother's claims have merit. The judgment terminating Mother's parental rights is reversed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, P.J., - Concurs

Gary W. Lynch, J. - Concurs

3