

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00032-CR
_____

DANNY WAYNE ALCOSER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1261-C1 (Counts I, II & III); Honorable Ralph T. Strother, Presiding

May 4, 2022

## ORDER DENYING MOTION TO WITHDRAW
## COUNSEL AND TO SELF-REPRESENT

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

By opinion and judgment dated December 20, 2019, this court reversed three convictions of Appellant, Danny Wayne Alcoser, related to a domestic violence incident based on improper jury instructions which this court found caused him egregious harm (Issues Two and Three).  *See Alcoser v. State*, 596 S.W.3d 320, 338 (Tex. App.—Amarillo

2019). On the State's petition for discretionary review, the Court of Criminal Appeals affirmed this court's decision reversing Appellant's convictions for child endangerment and interference with an emergency request for assistance. The Court, however, reversed our decision overturning Appellant's conviction as to the offense of family-violence assault. In doing so, the Court of Criminal Appeals remanded the cause back to this court so that we could address Appellant's remaining points of error—denial of a mistrial and factually insufficient evidence. *See Alcoser v. State*, __ S.W.3d __, No. PD-0166-20, 2022 Tex. Crim. App. LEXIS 186 (Tex. Crim. App. March 30, 2022). The Court of Criminal Appeals issued its mandate on May 3, 2022.

Pending before this court is Appellant's *pro se* motion by which he seeks to remove his court-appointed appellate counsel and further to represent himself on direct appeal. Appellant represents that a conflict exists because his appellate counsel did not raise ineffective assistance claims on direct appeal via an amended motion for new trial which apparently was filed but not made a part of the appellate record. By his motion, Appellant also seeks to have appellate counsel's original brief struck and the appellate time limits restarted. For the reasons expressed herein, Appellant's motion is denied in its entirety.

### INEFFECTIVE ASSISTANCE CLAIMS

Appellant faults appellate counsel for not raising ineffective assistance claims on direct appeal. Generally, ineffective assistance claims are not fully developed in the record on direct appeal for an appellate court to fairly evaluate the merits of such claims. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). Complaints of ineffective assistance of counsel may be considered on an application for a writ of habeas corpus pursuant to

2

article 11.07 of the Texas Code of Criminal Procedure. *See Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012). Had counsel raised those issues on direct appeal and if this court had rejected them on appeal, those claims may not have been cognizable on habeas corpus. *Ex parte Torres*, 942 S.W.2d 469, 475 (Tex. Crim. App. 1997) (citing *Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984)).

### SELF-REPRESENTATION ON DIRECT APPEAL AND STRIKING OF ORIGINAL BRIEF

At this stage of the appeal, which is on remand from the Texas Court of Criminal Appeals, Appellant requests that his counsel be permitted to withdraw and that an abatement issue for a determination on whether he is competent to represent himself. First, we note that when counsel is appointed by the trial court, article 26.04(j) of the Texas Code of Criminal Procedure provides that counsel shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j). The trial court, not this court, is responsible for relieving or replacing appointed counsel on a finding of good cause. *Rougeau v. State*, No. 07-21-00104-CR, 2021 Tex. App. LEXIS 6967, at *1 (Tex. App.—Amarillo Aug. 24, 2021, order).

Regarding self-representation, there is no recognized state constitutional right to self-representation on direct appeal. *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam). This court has the discretion to permit self-representation on direct appeal; however, that discretion is exercised on a

3

case-by-case basis that considers the best interests of the appellant, the State, and the administration of justice. *Bibbs*, 2011 Tex. App. LEXIS 9490, at *4.

As previously noted, the status of Appellant's appeal is on remand from the Court of Criminal Appeals following reversal of this court's opinion and judgment which had reversed Appellant's convictions. In its opinion, the high Court has directed this court to "address Appellant's remaining points of error." 2022 Tex. Crim. App. LEXIS 186, at *25. As such, we determine that self-representation at this stage of the appeal would not be prudent. For that reason, Appellant's request to represent himself is denied. Because the high Court has directed us to consider the remaining two issues presented in appellate counsel's original brief, we likewise deny Appellant's request to strike the original appellate brief.

Having considered Appellant's requests and having denied them, his *Motion to Withdraw Appellate Counsel and to Self-Represent* is denied.


Per Curiam